THORNTON, Respondent, v. WILLIAMS, Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1898.) Action by Howard Thornton, as receiver of the Beveridge Brewing Company, against Margaret R. Williams, as administratrix of the goods, chattels, and credits of Charles E. Williams, deceased. E. E. Roosa, for appellant. Howard Thornton, for respondent.

PER CURIAM. The plaintiff's claim grows out of the dealings of the defendant's intestate, Charles E. Williams, with the property of the Beveridge Brewing Company, in which corporation, from about 1885 until his death, in 1895, he was a large stockholder, and of which he acted for a long time as general manager and superintendent. As presented to the administratrix, the amount of the claim was $84,474.11, being a balance obtained by deducting total credits to the amount of $58,235.50 from total debits to the amount of $92,709.61, in an account prepared by the receiver, and designed to state the transactions which had occurred between the corporation and Mr. Williams during the period mentioned. In this account Mr. Williams was credited by the receiver with $5,000 a year salary for more than 10 years. The referee refused to allow the defendant anything as thus payable to Mr. Williams on account of salary, there being no evidence in the minutes of the corporation (all of which were produced upon the trial) that he was entitled to compensation at the rate of $5,000 a year or any compensation at all. The amount awarded by the referee to the plaintiff is therefore upwards of $50,000 more than the plaintiff originally claimed ($85,858.38). The indebtedness of Mr. Williams to the Beveridge Brewing Company is evidenced chiefly in two ways: (1) By the ledger of the corporation, containing the account of Mr. Williams from January 28, 1885, to May 2, 1889, which has been verified by comparing the items with the entries in the cash books of the company, with which they have been found to correspond; and (2) by checks of the corporation drawn by Mr. Williams to his own order or for his own benefit. The justice of the plaintiff's claim, to the extent of the items on the ledger account, does not seem to be seriously disputed on this appeal. Objection is made, however, to charges aggregating $18,768, which do not appear as against Mr. Williams in the account books of the corporation. We think the correctness and propriety of these charges must be deemed sufficiently established by the

production of the checks and the testimony of Mr. William G. Hunter, who was bookkeeper for the Beveridge Brewing Company, to this effect: "Mr. Williams did not keep any bank account in his own name that I know of. He paid .all his bills that were paid by giving a check of the Beveridge Brewing Company. He would pay small bills out of the cash drawer, and make a memorandum at the time he paid them. Afterwards, he would draw a check for the amount of the memorandum to his own order, and deposit such check to the credit of the company. That course of business was kept up all the time until Mr. Williams'. death." An error appears to have been made, however, in charging the defendant with $272 as per memorandum which appears in the record as Exhibit 11, in the absence of any proof that a check for that amount was·drawn by Mr. Williams and deposited to the credit of the corporation. The account of the defendant's intestate was also entitled to be credited with the 3 per cent. dividend of August, 1885, amounting to $1,065.50, as appears by the ledger, which the minutes show to have been duly declared. The minutes, however, do not support the claim to a 10 per cent. dividend in the following year. If such a dividend was actually paid to other stockholders, his proportionate share thereof should be credited to Mr. Williams; but not otherwise. It seems to us that the question whether this dividend was made or not is one which could be determined beyond a reasonable possibility of error, upon proper proof. If any wrong has been done to the appellant in this respect, she can apply at the special term for relief. The judgment should be modified by deducting therefrom the sum of these two items ($1,337.-50), and as thus modified should be affirmed.

TITUS, Respondent, v. TOWN OF NEW SCOTLAND, Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by John H. Titus, as administrator, etc., against the town of New Scotland, Albany county. No opinion. Judgment and order affirmed, with costs.